NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT DE ARCOS,<br><br>        Petitioner-Appellant,<br><br>  v.<br><br>CLARK E. DUCART, Warden,<br><br>        Respondent-Appellee. | No.   15-56171<br><br>D.C. No.<br>2:13-cv-00322-DMG-AGR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted July 13, 2018[**]
Pasadena, California

Before:  IKUTA and N.R. SMITH, Circuit Judges, and McNAMEE,[***] District Judge.

Petitioner Robert De Arcos appeals the district court's denial of his habeas

corpus petition. A jury found De Arcos guilty of second degree murder and found

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Stephen M. McNamee, Senior United States District Judge for the District of Arizona, sitting by designation.

various firearm and gang enhancements to be true. De Arcos contends that the California Court of Appeal unreasonably applied *Jackson v. Virginia*, 443 U.S. 307 (1979), because the evidence was insufficient to prove his guilt beyond a reasonable doubt. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm.

"[W]e review *de novo* the district court's decision to grant or deny a petition for a writ of habeas corpus." *Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004). "Because [De Arcos] filed his federal habeas petition after April 24, 1996, his petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), 28 U.S.C. § 2254." *Cheney v. Washington*, 614 F.3d 987, 993 (9th Cir. 2010). Under AEDPA, we must deny habeas relief with respect to any claim adjudicated on the merits in a state court proceeding unless the proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts…." 28 U.S.C. § 2254(d).

When considering a claim based on insufficiency of the evidence, we view the evidence in the light most favorable to the prosecution. *Long v. Johnson*, 736 F.3d 891, 896 (9th Cir. 2013) (citation omitted). "To grant habeas relief, we must conclude that the state court's determination that a rational jury could have found

that there was sufficient evidence of guilt…was objectively unreasonable." *Id.* (internal quotations and citation omitted).

Viewing the evidence in the light most favorable to the prosecution, the California Court of Appeal reasonably held that a rational jury could have found, beyond a reasonable doubt, that De Arcos committed second degree murder as an aider and abettor.[1] A rational jury could have found that (1) De Arcos was one of the two shooters, based upon numerous witnesses who identified him as a shooter; (2) De Arcos had a motive to kill Victor Nunez, based upon the expert testimony of Detective Joseph Fender; (3) De Arcos fled after the shooting, based upon the testimony of Deputy Miguel Llaury; and (4) De Arcos evidenced a consciousness of guilt for the murder, based upon recorded conversations between him and his girlfriend, Lorena. Therefore, a rational jury could find that De Arcos knew of the fatal shooter's unlawful purpose to kill Victor, and with the intent of committing or

---

[1] In evaluating a conviction in state court, we refer to the substantive elements of the crime as defined by state law. *Jackson*, 443 U.S. at 324 n.16. "Second degree murder is defined as the unlawful killing of a human being *with malice aforethought,* but without the additional elements—i.e., willfulness, premeditation, and deliberation—that would support a conviction of first degree murder." *People v. Nieto Benitez*, 840 P.2d 969, 974 (Cal. 1992) (citations omitted). Malice aforethought may be expressed or implied. *Id.* at 975 (citing Cal. Penal Code § 188). Express malice is an intent to kill; "[m]alice is implied when a person willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses." *People v. Gonzalez*, 278 P.3d 1242, 1251 (Cal. 2012).

15-56171

facilitating the murder, aided in the commission of the crime. *See People v. Prettyman*, 14 Cal. 4th 248, 259 (1996).

We reject De Arcos's argument that we should resolve conflicting evidence in favor of his innocence. *See Jackson*, 443 U.S. at 326 ("[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution."); *see also United States v. Stewart*, 420 F.3d 1007, 1015 (9th Cir. 2005) (explaining that in reviewing sufficiency of the evidence, "[w]e must respect the province of the jury to ascertain the credibility of the witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts, by assuming that the jury resolved all such matters in a manner which supports the verdict." (internal quotations and citation omitted)).

Finally, we reject De Arcos's argument that the jury made an inconsistent determination when it found that De Arcos personally used, and personally and intentionally discharged, a firearm, but that De Arcos did not personally and intentionally discharge a firearm which proximately caused great bodily and injury death to Victor Nunez. The evidence is sufficient to sustain these findings, and the findings are not inconsistent because the shell casing evidence showed two shooters and that Victor had been shot three times.

Viewing the evidence in the light most favorable to the prosecution, the California Court of Appeal's determination that a rational jury could have found that there was sufficient evidence of De Arcos's guilt was not objectively unreasonable. The district court properly concluded that De Arcos was not entitled to habeas relief.

**AFFIRMED.**